### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

PEDRO AGUIRRE, on behalf of himself
and all others similarly situated,

     Plaintiff,

v.                                                                Case No. 2:25-cv-00079-MLG-GJF

MOSAIC POTASH CARLSBAD INC.,

     Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S OPPOSED
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND
DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**

At issue in this matter is whether Plaintiff Pedro Aguirre should be permitted leave to amend his Complaint to add claims for damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and to name two additional defendants. The Court grants Aguirre's request because, as explained in detail below, the amendment is timely and not futile.

### RELEVANT FACTUAL BACKGROUND

Defendant Mosaic Potash Carlsbad Inc. ("Mosaic") is a New Mexican underground potash and phosphate mining operation that employs hourly workers to mine and produce potassium minerals for market. Doc. 1 at 4 ¶¶ 25, 31. Mosaic employed Aguirre as a mechanic from 2021 to 2024. *Id.* ¶ 32. His job duties required donning (putting on) and doffing (taking off) personal protective equipment ("PPE") before and after his eight-hour work shifts. *Id.* at 4-5 ¶¶ 32-34, 37. *See also id.* at 5 ¶ 45 (citing 29 C.F.R. § 1910.132 and 30 C.F.R. §§ 56-57 for the proposition that "[m]uch of the protective clothing [Aguirre] utilized is mandated by federal regulation."). Aguirre alleges this process took at least twenty—and sometimes up to forty—minutes each workday but that Mosaic required performance of these tasks to be done off the clock. *Id.* at 5 ¶¶ 41-42. Aguirre

1

seeks to recover overtime wages for those duties, which he claims is required pursuant to the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978, § 50-4-22(D). *Id.* at 1-2, 11-12 ¶¶ 1, 4, 8, 11, 99-108.

**PROCEDURAL HISTORY**

Aguirre filed suit on behalf of himself and a putative class of similarly situated hourly Mosaic employees. *Id.* at 1, 9 ¶ 75. In response, Mosaic filed a motion to dismiss. Doc. 4. It challenges Aguirre's NMMWA claim on two separate grounds. First, Mosaic asserts that Aguirre's NMMWA claim fails as a matter of law under Federal Rule of Civil Procedure 12(b)(6) because, in its view, donning and doffing are not compensable work under the NMMWA. Doc. 4 at 7-11. Second, Mosaic disputes this Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing complete preemption by the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-187. Doc. 4 at 11-13. Mosaic's Motion to Dismiss was fully briefed by the parties, and the Court heard oral argument on July 9, 2025. *See* Docs. 18, 25.

Following that proceeding, Aguirre sought leave from the Court to file a First Amended Complaint. *See* Doc. 27. The animating purpose for the request is the inclusion of additional federal claims and to add additional plaintiffs: Billy Marling and Corey Cash.[1] *Id.* at 2 ¶ 3. Mosaic opposes the motion. *See* Doc. 28. It argues the request is untimely and that the proposed amendment would be futile. *Id*.

**DISCUSSION**

I.    **Applicable Legal Authority**

---

[1] Aguirre requests that, in the alternative, the Court enter an order tolling the statute of limitations on the FLSA claim "through the date the Court rules on the pending Motion to Dismiss." *Id.* at 2 ¶ 7. Mosaic also opposes that request. Doc. 28 at 13-18. The Court need not take up the issue as Aguirre's motion for leave to amend is being granted.

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend their complaint once, as a matter of course, within twenty-one (21) days of being served a Rule 12(b) motion. Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave . . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The trial court is vested with significant discretion in determining whether to grant a request brought pursuant to Rule 15(a)(2). *First City Bank v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason is . . . inconsistent with the spirit of the Federal Rules."). Still, district courts should deny a timely motion sparingly and "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (alteration in original) (internal quotation marks omitted) (quoting *Duncan v. Manager, Dep't of Safety of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)). This permissive approach affords litigants the maximum opportunity for their claims to be decided on the merits rather than through procedural impasse. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

## II.    Analysis

Aguirre contends that his motion for leave to amend should be granted because: (1) the case is still in the early stages of litigation, and (2) the "proposed FLSA claim arises out of the same set of facts that his NMMWA claim is based on." Doc. 27 at 2 ¶ 6. Mosaic opposes the request. It claims that Aguirre's motion is a delay tactic motivated by litigation strategy. *See* Doc.

28 at 3-4. It points to timing of the filing in support of that contention. *Id.* Mosaic notes that amendment was sought only after the pending motion to dismiss had been briefed and further asserts that Aguirre was already "aware of all information on which his proposed amendment is based and made a conscious decision not to include an FLSA claim with his original complaint." *Id.* at 4. It further contends that Aguirre's proposed amendment would result in a "new round of Rule 12 briefing on a legally futile claim." *Id.* at 4-13 (arguing that Aguirre's proposed amendment is futile because the donning and doffing activities that are at issue in this case are preempted by the Parties' collective bargaining agreement and are otherwise not compensable under the FLSA).

A.    **Aguirre's Motion for Leave to Amend Is Timely**

The Court first considers the timeliness question. Aguirre filed the instant class-action Complaint on January 27, 2025. Doc. 1. On June 4, 2025, the Court ordered the Parties to "cooperatively prepare a Joint Status Report and Provisional Discovery Plan ("JSR")" in advance of a July 9, 2025, Rule 16 scheduling conference. Doc. 22 at 1. In their JSR, "[t]he parties agree[d] that it would be the most effective and efficient use of the parties' and the Court's time to stay discovery until there is a decision on Defendant's motion to dismiss." Doc. 24 at 3. The Court, "[h]aving considered the request and otherwise being fully informed," found good cause to continue the initial scheduling conference and delay entering a scheduling order. Doc. 26 at 1. Accordingly, no deadline had been set for the Parties to amend their pleadings, and Aguirre's request now comes before the Court at the earliest stages of this litigation. *Cf. Deakin v. Magellan Health, Inc.*, No. 1:17-cv-00773-WJ-KK, 2019 WL 5212805, at *2 (D.N.M. Oct. 16, 2019) ("Defendants have not pointed to a single case, Tenth Circuit or otherwise, where a motion for leave to amend filed *before* the amendments deadline was held to be untimely. . . . The Court sees no merit in Defendants' argument . . . ."). The request is therefore timely.

4

**B.      Aguirre's Motion for Leave to Amend Is Not Futile**

Motions to amend are futile when the proposed amendment would fail to meet Federal Rule of Civil Procedure 12(b)(6)'s pleading requirements. *See TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (quoting *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1389 (10th Cir. 1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." (internal quotation marks omitted))); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ."). The operative standards require the court to determine whether the complaint contains enough facts to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff may clear this (low) hurdle by pleading facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In undertaking that analysis, the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to . . . the non-moving party." *Johnson v. Reyna*, 57 F.4th 769, 774 (10th Cir. 2023) (citing *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021)). "[G]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denv.*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)).

Here, Mosaic argues Aguirre's[2] proposed FLSA claim would be subject to dismissal for failure to state a claim because: (1) "the donning and doffing at issue is not compensable work under the FLSA (as Plaintiff acknowledges in his original Complaint);" (2) "Section 203(o) . . . expressly bars Plaintiff's claim because the applicable collective bargaining agreement ("CBA") and longstanding custom both exclude donning/doffing time;" and (3) "resolution of Plaintiff's FLSA allegations would require substantial interpretation of the CBA, such that the claim is precluded by LMRA § 301." Doc. 28 at 2. But the Court is unconvinced by Mosaic's futility arguments as to Aguirre's proposed FLSA claim; each of Mosaic's assertions requires the Court to weigh factual allegations in a way that is premature at this stage of the litigation. *See generally Smith v. United States*, 561 F. 3d 1090, 1098 (10th Cir. 2009) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

**1. Aguirre plausibly alleges the donning and doffing activities are compensable work under the FLSA.**

Mosaic first argues that donning and doffing are not compensable work activities under the FLSA "because [they] [are] not 'controlled by the employer and pursued necessarily and primarily for that employer's benefit.'" Doc. 28 at 6 (quoting *Doe 1 v. E. N.M. Univ. Bd. of Regents*, No. 23-cv-362-GBW-JHR, 2024 WL 3461404, at *4 (D.N.M. July 18, 2024)). The Court disagrees. The proposed First Amended Class and Collective Action Complaint ("Amended Complaint") plausibly alleges that donning and doffing are necessary and required for Mosaic to receive a

---

[2] The First Amended Class and Collective Action Complaint, Doc. 27-1, is being proposed by two additional Plaintiffs, as well—Billy Marling and Corey Cash. These parties will not be added to the litigation until the amended Complaint is formally entered into the docket. Therefore, for the purposes of this Order, the amended Complaint will be framed as being proposed by Aguirre.

benefit from Aguirre's work. *See* Doc. 27-1 at 9 ¶ 61 ("Plaintiffs cannot safely perform their job duties in accordance with Defendant's policies, procedures, and expectations without this protective clothing and safety gear."); *id.* ¶ 63 ("Much of the protective clothing Plaintiffs utilize is mandated by federal regulation."). Discovery may ultimately disprove Aguirre's contentions, but resolution of this fact-based question is premature at this stage of the litigation. *See Smith*, 561 F. 3d at 1098.

### 2. Aguirre plausibly alleges that the donning and doffing activities are not excepted by 29 U.S.C. § 203(o)'s limitation on FLSA compensation for time spent changing clothes.

Next, Mosaic cites 29 U.S.C. § 203(o) as an independent bar to Aguirre receiving compensation for donning and doffing activities under an FLSA-based cause of action. Doc. 28 at 9; § 203(o) (excluding "any time spent in changing clothes or washing at the beginning or end of each workday . . . from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement . . ."). Mosaic contends that the time Aguirre spends donning and doffing his protective clothing and safety gear must be excepted from calculating compensable work time because the courts have interpreted these items as "clothes" for § 203(o) FLSA limitation purposes. *See id.* (citing *Stuntz v. Lion Elastomers, LLC*, 826 F. App'x 391, 400 (5th Cir. 2020); *Salazar v. Butterball, LLC*, 644 F.3d 1130, 1138-39 (10th Cir. 2011) (protective equipment constitutes "clothes" under § 203(o)); *Harvey v. AB Electrolux*, 9 F. Supp. 3d 950 (N.D. Iowa 2014) (PPE includes both clothes (e.g., jacket, pants, hardhat, gloves, boots) and non-clothes (safety glasses, earplugs, and respirators), and clothing items require more time to don than the non-clothes items, so the entire donning/doffing period qualifies as time spent changing clothes under § 203(o)).

Mosaic's argument is inconsistent with Supreme Court precedent and misapplies the law relevant to § 203(o) exceptions. The case law referenced in its briefing, *Salazar v. Butterball, LLC*, was abrogated by the Supreme Court in 2014 in the *Sandifer* case. *Compare* 644 F.3d at 1138-39 ("We hold that 'clothes' under § 203(o) includes . . . PPE worn by the plaintiffs . . . . An expansive construction is consistent with the ordinary meaning of the word 'clothes,' and makes more sense than a construction that would differentiate between apparel and equipment designed for safety . . . .") *with Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 230-31 (2014) ("[W]ith respect to items that can be regarded as integral to job performance, our definition does not embrace the view, adopted by some Courts of Appeals, that 'clothes' means essentially anything worn on the body—including accessories, tools, and so forth." (citing *Salazar*, 644 F.3d at 1139-40)). The *Sandifer* Court acknowledged that certain protective gear does fall within § 203(o)'s meaning of "clothes"— particularly when it is "designed and used to cover the body and [is] commonly regarded as articles of dress." 571 U.S. at 232-33 (finding that donning and doffing jackets, pants, hoods, gloves, hardhats, balaclavas, wristlets, leggings, and steel-toed boots—even for work-safety purposes— constitutes noncompensable time "changing clothes" under § 203(o)). But while "glasses and earplugs may have a covering function, . . . they are [not] commonly regarded as articles of dress." *Id.* at 233. *See also id.* (finding that FLSA compensation for donning and doffing respirators— work-safety equipment that does not have a body-covering function and is not viewed as an article of clothing—is not barred by § 203(o)). Because it is unlikely that Congress enacted § 203(o) with the intent of converting federal judges to "time-study professionals" tasked with the tediousness of "separating the minutes spent clothes-changing and washing from the minutes devoted to [compensable donning and doffing] activities[,]" trial courts must limit their assessment to whether a "vast majority" of the workers' time is being used donning and doffing items that count as

"clothing" under § 203(o) or whether a majority of those pre- and post-shift activities involve compensation-eligible non-clothing safety equipment. 571 U.S. at 233-35.

Sandifer obligates the Court to assess—albeit, from a holistic perspective—whether a vast majority of Aguirre's average twenty-to-forty-minute window of donning and doffing is predominated by activities that involve changing into clothes commonly regarded as articles of dress or activities that involve equipping work-safety gear. The Court cannot presently make these fact-intensive assessments about Aguirre's work activities; these are questions best left for post-discovery, after the parties have been given a fair opportunity to develop the record.[3]

### 3. Aguirre plausibly alleges that the donning and doffing activities are not substantially dependent on analyzing the Parties' CBA.

Lastly, Mosaic asserts the proposed FLSA claim is futile because it requires significant interpretation of the Parties' CBA—a practice that is precluded by the LMRA, 29 U.S.C. §§ 141-187. *See* Doc. 28 at 10; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987) ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements and claims substantially dependent on analysis of such arguments."). But Aguirre's initial Complaint does not reference the Parties' CBA. *See* Doc. 1. Neither does the proposed Amended Complaint. *See* Doc. 27-1. Instead, the proposed amended claims are founded entirely on FLSA-based rights. *See id.* at 2-3 ¶¶ 10-12; *Allen v. BHP Navajo Coal Co.*, No. 09-cv-698-MV-ACT, 2011 WL 13266816, at *4 (D.N.M. Mar. 30, 2011) (finding no preemption by a CBA's arbitration clause when plaintiff's "Complaint does not allege a violation of the CBA [] but rather alleges violations of statutory

---

[3] Indeed, Mosaic concedes that such de minimis arguments "cannot be addressed on the record that currently exists before this Court." Doc. 28 at 8 n.4. *But see Sandifer*, 571 U.S. at 233-34 (elevating questions about compensable work activities under the FLSA above a "de minimis doctrine [which] does not fit comfortably within the statute at issue [which] . . . it can be fairly said, is all about trifles").

rights granted by the FLSA and state law"); *see generally Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740-41 (1981) ("This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived . . . .").

The Court is ultimately unpersuaded by Mosaic's argument that the merits of Aguirre's FLSA claims are "'substantially dependent' or 'inexorably intertwined' with analysis and interpretation of a CBA." Doc. 28 at 10 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213-14 (1985)). The Court has yet to even see a copy of the CBA and finds that Mosaic has not met its burden of demonstrating that any specific provision of the CBA is under dispute such that LMRA-prohibited interpretation would be required.

**CONCLUSION**

For the preceding reasons, the Court finds that Aguirre's motion for leave to amend is timely, and that Mosaic has failed to meet its burden of proving the futility of the proposed FLSA claim. Therefore, the Court hereby grants Aguirre's motion to amend to add a FLSA claim and to add two additional plaintiffs to the case. Aguirre shall file the Amended Complaint within fourteen days of this Order.

An amended complaint typically renders pending dispositive motions pertaining to the original complaint moot. *May v. Segovia*, 929 F.3d 1223, 1228-29 (10th Cir. 2019) ("It is well established that when a plaintiff amends his complaint under [Rule] 15, the amended complaint 'supersedes the original and renders it of no legal effect.'" (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991))). Consequently, the Court denies as moot Mosaic's Motion to Dismiss the original Complaint. Doc. 4. The Court grants Mosaic leave to file an answer to the

10

FLSA matters raised in the Amended Complaint. Mosaic may choose to file a partial motion to dismiss to reassert its arguments regarding Plaintiffs' NMMWA claim.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

11